**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Tami Terrelle Davis,<br><br>                              Debtor. | C/A No. 22-00596-dd<br><br>Adv. Pro. No. 23-80012-dd<br><br>Chapter 13 |
| Tami Terrelle Davis,<br><br>                              Plaintiff,<br><br>v.<br><br>JL Auto Sales,<br><br>                              Defendant. | **ORDER** |

## I.   INTRODUCTION

This matter came before the Court for the assessment of damages related to a Motion for Default Judgment (Adversary Proceeding Docket ("AP Dkt.") No. 8) filed by Debtor Tami Terrelle Davis ("Debtor" or "Plaintiff"), whose vehicle was repossessed by Defendant JL Auto Sales ("Defendant" or "Creditor") in violation of 11 U.S.C. § 362. Debtor alleges she is entitled to a judgment for damages. For the reasons described below, Debtor's Motion for Default Judgment is granted and an award of damages is directed in the amounts set forth herein.

## II.   FACTUAL HISTORY

Debtor filed her bankruptcy petition on March 8, 2022 (Bankruptcy Case Docket ("BK Dkt.") No. 1) and her Chapter 13 Plan (BK Dkt. No. 16; the "Plan") was confirmed on May 27, 2022 (BK Dkt. No. 21). Debtor's schedule of assets (BK Dkt. No. 14) lists a 2011 Mazda CX7 (the "Vehicle") encumbered by a lien in favor of Defendant. Despite Debtor's pending bankruptcy case, Defendant repossessed the Vehicle on or about October 27, 2022. Plaintiff commenced this

1

adversary proceeding on February 22, 2023 (AP Dkt. No. 1; the "Complaint"). Defendant has failed to respond to the Complaint or otherwise appear or defend in this action. Accordingly, Debtor filed a Motion for Default Judgment (AP Dkt. No. 8) on May 2, 2023, and a Clerk's Entry of Default as to JL Auto Sales (AP Dkt. No. 14) was entered May 4, 2023. The Court scheduled a hearing on damages to be held May 25, 2023, and due notice was given to Defendant. At the hearing, Debtor testified that she suffered the inconvenience of time without the Vehicle and sustained various damages resulting from its repossession, including significant emotional distress.

### III.    LEGAL STANDARD

Section 362 of the Bankruptcy Code provides that the filing of a petition commencing a bankruptcy case operates as a stay against various actions against property of the estate, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Pursuant to § 362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A willful violation of the automatic stay occurs when a "creditor knows of the pending bankruptcy petition and intentionally attempts to continue collection procedures in spite of it." *Weatherford v. Timmark (In re Weatherford)*, 413 B.R. 273, 285 (Bankr. D.S.C. 2009) (citing *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292-93 (4th Cir. 1986)). There is no requirement that the creditor be given written notice of the bankruptcy; actual notice of the bankruptcy is sufficient. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 486 (4th Cir.

2

2015) (citations omitted). Courts award punitive damages under § 362(k) for intentional or egregious conduct in order to deter similar future conduct.[1]

### IV.  DISCUSSION

Here, the automatic stay unequivocally prohibited Defendant's actions. Moreover, Defendant's repossession of the Vehicle was not only in violation of the stay, but also contrary to the confirmed Plan. The Court notes this is potential grounds for a finding of civil contempt.[2] The Plan was confirmed on May 27, 2022, which was binding on Defendant and provides for payment of Defendant's debt in full with 5.25% interest. In this case, the uncontested factual allegations of Plaintiff's Complaint, coupled with the fact that Plaintiff had to incur the expense of filing this

---

[1] *See In re Lansaw*, 853 F.3d 657 (3d Cir. 2017) (affirming $40,000.00 punitive damages award for creditor's egregious conduct in evicting debtors from commercial property knowingly in violation of the automatic stay and noting that "one of the purposes behind punitive damages is to deter future misconduct") (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 123 S. Ct. 1513, 155 L. Ed.2d 585 (2003)); *Credit Nation Lending Servs., LLC v. Nettles*, 489 B.R. 239 (N.D. Ala. 2013) (affirming the bankruptcy court's order canceling the debt as punitive damages for creditor's knowing and willful violation of the automatic stay); *Warren v. Dill (In re Warren)*, 532 B.R. 655 (Bankr. D.S.C. 2015) (awarding $11,596.96 in damages, of which $2,000.00 was punitive damages for the creditor's conduct in repossessing and delaying the return of the debtor's vehicle); *In re Bolen*, 295 B.R. 803, 812 (Bankr. D.S.C. 2002) (finding punitive damages of $12,500.00 appropriate where creditor repossessed debtor's vehicle with notice of the automatic stay, then retained the truck for ten weeks); *Randle v. Saga Auto Sales, Inc. (In re Randle)*, C/A No. 17-51312, Adv. Pro. No. 18-6018, 2018 WL 4211158 (Bankr. M.D.N.C. Sept. 4, 2018) (finding punitive damages of $25,000.00 appropriate where creditor repossessed debtor's vehicle post-petition, refused to return it for over eight months, and disposed of the vehicle after the adversary proceeding was initiated); *Taylor v. Credit Cars of Lexington (In re Taylor)*, C/A No. 10-01560-DD, Adv. Pro. No. 10-80058-DD, 2010 WL 5437244 (Bankr. D.S.C. Aug. 5, 2010) (awarding $5,000.00 in punitive damages as a result of creditor's knowing and willful vehicle repossession in violation of § 362).

[2] "Under federal law, the standard for making a civil contempt finding 'is generally an *objective* one,' and civil contempt 'should not be resorted to where there is a *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'" *In re Seaver*, 640 B.R. 555, 557 (Bankr. D.S.C. 2022) (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019)). "The Supreme Court concluded that this standard applied to bankruptcy cases when enforcing the terms of a discharge order." *Id.* "Although the Fourth Circuit has not expressly applied the [*Taggart*] standard in the context of a Chapter 13 case . . . .a civil contempt finding in a Chapter 13 case for non-compliance with a confirmed Chapter 13 plan requires an *objective* finding that there is no *fair ground of doubt* as to the wrongfulness of the defendant's violation of the confirmed plan." *Id.* (citing *In re Polvorosa*, 621 B.R. 1, 9-10 (Bankr. D. Nev. 2020)). Through default, a defendant is found to have admitted the well-pleaded factual allegations of the plaintiff's complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted).

adversary proceeding to obtain any potential relief, establish that there is no fair ground of doubt as to the wrongfulness of the Defendant's violation of the confirmed Plan.

Debtor was injured because of Defendant's willful and unlawful actions. After careful consideration of her testimony, the Court finds that a combination of Debtor's emotional distress as well as the inconvenience and costs associated with her time without the Vehicle are worth $6,092.10, to be awarded as actual damages and more fully enumerated below. The Court also finds it appropriate for Debtor to recover the value of her time spent seeking the return of the Vehicle, which will be awarded as attorney's fees in the sum of $3,500. Further, because Defendant's conduct demonstrates disregard for this Court and the protections provided to a debtor by the Bankruptcy Code, it is squarely within the type § 362 is designed to prevent. Thus, Defendant's willful stay violation is sufficiently egregious to warrant punitive damages of $12,000—approximately twice Debtor's actual damages. Lastly, Creditor's claim is extinguished and the Chapter 13 trustee shall cease making payments to the Creditor.

For clarity, the Court's itemized determination of damages is as follows:

### Assessment of Damages

| | |
|---|---:|
| Value of the Vehicle, less what Debtor owed | $2,400 |
| Payments made by Debtor to the Chapter 13 trustee already distributed to Creditor | $481.75 |
| Expenses incurred for rental car | $940.90 |
| Cost of hospitalization for stress-related condition following repossession | $1,765.45 |
| Wages lost from lacking transportation to work | $504.00 |
| Actual Damages: | **$6,092.10** |
| + Attorney's Fees: | **$3,500** |
| + Punitive Damages: | **$12,000** |
| TOTAL | **$21,592.10** |

## V. CONCLUSION

Plaintiff's Motion for Default Judgment (AP Dkt. No. 8) is hereby granted and the Court awards damages as described herein. The Chapter 13 Trustee is directed to cease payments to JL Auto Sales. A separate judgment will be entered herewith in the adversary proceeding and the terms and conditions of this Order shall survive any dismissal or conversion of this bankruptcy case.

IT IS SO ORDERED.

**FILED BY THE COURT**
**05/30/2023**



Entered: 05/30/2023

David R. Duncan
US Bankruptcy Judge
District of South Carolina

5